UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 3:12-cv-00630-LRH-WGC |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| $367,320.00 IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |

Before the court are the Government's Motion to Strike Claim of Right or Interest and Contesting of Forfeiture (#10[1]) and the Government's Motion to Strike Amended Claim of Right or Interest and Contesting of Forfeiture (#26). Claimant Aaron Jacob Mangin ("Mangin") has filed objections to both motions (##17, 27), to which the Government has replied (##19, 28).

**I.     Facts and Procedural History**

Following the Government's seizure of $367,320.00 from Mangin, it filed its Complaint for Forfeiture *in Rem* (#1), to which Mangin filed his Claim of Right or Interest and Contesting of Forfeiture (#9). After the Government's Motion to Strike Claim for failure to comply with Supplemental Rule G(5) (#10), Mangin filed his Amended Claim (#13) and his objection to the Government's Motion to Strike Claim (#17). The Government replied to Mangin's objection (#19) and also moved to strike his Amended Claim, stating that a claim is not a pleading, and thus it cannot be amended (#26). Mangin's objection to the Government's Motion to Strike Amended Claim (#27) and the Government's reply to that objection followed thereafter (#28).

---

[1] Refers to the court's docket number.

## II. Discussion

Supplemental Rule of Federal Civil Procedure G governs civil forfeiture actions. Supplemental Rule G(5)(a)(i)(B) requires a person asserting an interest in seized property to file a claim "identify[ing] the claimant and stat[ing] the claimant's interest in the property." To state an interest in the property, however, requires "more than conclusory or hearsay allegations of some 'interest' in the forfeited property." *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1119 (9th Cir. 2004) (quoting *Baker v. United States*, 722 F.2d 517, 519 (9th Cir. 1983)).

Under Supplemental Rule G(8)(c)(i)(A), a claim may be stricken for failure to comply with Supplemental Rule G(5). Mangin's original claim that he "has a right or interest in said $367,320.00 in U.S. Currency" is the type of conclusory allegation generally struck under Supplemental Rule G(8)(c)(i)(A). As such, the court grants the Government's Motion and strikes Mangin's original Claim.

As to Mangin's Amended Claim, the Government maintains it is not a pleading, and thus it cannot be amended pursuant to Rule 15 of Federal Civil Procedure. Several factors, however, suggest that claims are pleadings and can be amended under Rule 15. First, claims to seized property, along with answers to the complaint, compose Supplemental Rule G(5), which is entitled "Responsive Pleadings." Second, the Advisory Committee Notes to Supplemental Rule G(5) state that the word "'[c]laim' is used to describe this first *pleading* because of the statutory references to claim and claimant." FED. R. CIV. P. G(5) advisory committee's note (emphasis added). Finally, and perhaps most relevantly, the Advisory Committee Notes to Supplemental Rule G(8) advise courts to strike claims for "failure to comply with the pleading requirements of subdivision G(5) . . . only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15." FED. R. CIV. P. G(8) advisory committee's note; *see also United States v. $91,110.00 in U.S. Currency*, No. 2:12-CV-01112, 2013 WL 1189700, *2 (D. Nev. Mar. 21, 2013). Thus, the court finds Mangin's Amended Claim is appropriate under Rule 15(a)(1)(A). Therefore, the court shall deny the Government's Motion to Strike the Amended Claim.

///

      IT IS THEREFORE ORDERED that the Government's Motion to Strike Claim of Right or Interest and Contesting of Forfeiture (#10) is GRANTED. Mangin's Claim of Right or Interest and Contesting of Forfeiture (#9) is STRICKEN.

      IT IS FURTHER ORDERED that the Government's Motion to Strike Amended Claim of Right or Interest and Contesting of Forfeiture (#26) is DENIED.

      IT IS SO ORDERED.

      DATED this 4th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE